**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-2196**

_____

MARIA ANTONIA GUARDADO DE RUIZ; BALMORE MANUEL RUIZ-
GUARDADO,

                Petitioners,

       v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted: April 28, 2011           Decided: May 19, 2011

_____

Before SHEDD, AGEE, and WYNN, Circuit Judges

_____

Petition denied by unpublished per curiam opinion.

_____

Erin Hustings, Washington, D.C., for Petitioners.  Tony West,
Assistant Attorney General, Leslie McKay, Assistant Director,
Melissa K. Lott, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Antonia Guardado de Ruiz ("Guardado de Ruiz") and her daughter, Balmore Manuel Ruiz-Guardado, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying the applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

Guardado de Ruiz, who was the primary applicant for relief, claimed she was persecuted on account of her membership in a particular social group: current and past owners and workers in the transport industry. The Board concluded that while Guardado de Ruiz did identify a particular social group, she failed to show past persecution or a well-founded fear of persecution on account of her membership in that group. The Board found that it was not her membership in the group that motivated the gangs, but rather the gangs' desires to increase their own revenues.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race,

2

religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2010). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she were removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984).

The protected ground must be a central reason for being targeted for persecution. A central reason is one that is more than "'incidental, tangential, superficial, or subordinate to another reason for harm.'" See Quinteros-Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009) (quoting In re J-B-N-, 24 I. & N. Dec. 208, 214 (BIA 2007)).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Substantial evidence is such evidence that is relevant evidence that a reasonable person might accept as adequate to support a conclusion. Karimijanaki v. Holder, 579 F.3d 710, 714 (6th Cir. 2010). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C.

4

§ 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We conclude that substantial evidence supports the Board's findings and that the record does not compel a different result. The opinion in Tapiero de Orejuela v. Gonzales, 423 F.3d 666, 672-73 (7th Cir. 2005), is clearly distinguishable because there was evidence that the persecutors were motivated to target the group based on the group's immutable characteristics. We also find Al-Ghorbani v. Holder, 585 F.3d 980, 997-98 (6th Cir. 2009), to be clearly distinguishable as the evidence in that case showed that the persecutor was motivated by class differences and the Petitioner's class' refusal to submit to the paternal society.

We also conclude Guardado de Ruiz failed to exhaust her claim that she was persecuted on account of her family. See 8 U.S.C. § 1252(d)(1) (2006); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004) ("We have no jurisdiction to consider this argument, however, because [the alien] failed to make it

5

before the Board and, therefore, failed to exhaust 'all administrative remedies.'"). In addition, we note that she abandoned her claims regarding the Board's denial of CAT relief and that she has a well-founded fear of persecution on account of her actual or perceived political opinion. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED